UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OKSANA BAIUL-FARINA, professionally known as OKSANA BAIUL, an individual,<br><br>           Plaintiff,<br><br>  v.<br><br>JOSEPH CHARLES LEMIRE, an individual; OLYMPIC CHAMPIONS LTD., a Delaware corporaiton; OLYMPIC CHAMPIONS LTD., a British Virgin Islands corporation; REPUBLIC OF UKRAINE, a sovereign nation,<br><br>           Defendants. | Case No. CV 15-07325 DDP (MRWx)<br><br>**AMENDED ORDER DENYING MOTION TO REMAND AND GRANTING MOTIONS TO DISMISS**<br><br>[Dkts 89, 91, 92, 96, 105] |

    Presently before the court are Plaintiff's Motion to Remand and separate Motions to Dismiss, one filed by Defendants Joseph Lemire, Olympic Champtions, Ltd., and Olympic Champions, Ltd.-BVI (Collectively, "Lemire") and the other by Defendant Republic of Ukraine. Having considered the submissions of the parties, the court denies the motion to remand and grants the motions to dismiss.

**I.  Background**

This is one in a series of law suits brought by Plaintiff relating to professional figure skating performances in the 1990s. This is not Plaintiff's first suit against Lemire.  In 2013, Plaintiff filed suit against Lemire, William Morris Agency, LLC, and others in New York.  Plaintiff's wide-ranging complaint in that case (the New York Complaint) alleged, among other things, that Lemire stole money from Plaintiff, misrepresented amounts owed to her, and made other false statements.  (Lemire's Request for Judicial Notice ("RJN", Ex. 5). The New York Complaint alleged causes of action against Lemire for racketeering and conspiracy and conversion. (RJN Ex. 5.)  The court dismissed all claims with prejudice, characterizing the suit as "frivolous . . ., bizarre, [and] wholly without merit."  (RJN Ex. 7 at 1, 29.)  The New York court determined that Plaintiff could not possibly satisfy the applicable statute of limitations, as, according to her own pleadings, she had notice of, or should have discovered, the alleged wrongdoing no later than the year 2000.  (RJN Ex. 7 at 12, 23.)  The dismissal was affirmed on appeal.  (RJN Ex. 9.)

The operative complaint in the instant case alleges causes of action against Lemire for breach of contract, fraud and constructive fraud, and money had and received.[1]  (First Amended Complaint ("FAC") ¶¶ 1, 3-5, 18, 21, 27, 30, 33.)  Like the New York Complaint, the First Amended Complaint ("FAC") here alleges that Lemire stole money from Plaintiff and made fraudulent representations to her, including false statements regarding

---

[1] Plaintiff's First Amended Complaint alleges all but the fraud claim against Defendant Ukraine as well.

2

amounts payable to Plaintiff.  (See Declaration of Martin Domb, Ex. 3.)  Defendants now move to dismiss the FAC.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make a "short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id. 678 (quoting Twombly, 550 U.S. at 555).

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a suit for lack of personal jurisdiction.  The plaintiff has the burden of establishing that jurisdiction exists, but need only make "a prima facie showing of jurisdictional facts to withstand the motion to dismiss."  Pebble Beach Co. v. Caddy,

3

453 F.3d 1151, 1154 (9th Cir. 2006). "Uncontroverted allegations in the complaint must be taken as true, and conflicts over statements contained in affidavits must be resolved in [the plaintiff's] favor." Love v. Associated Newspapers. Ltd., 611 F.3d 601, 608 (9th Cir. 2010).

**III. Discussion**

A. Plaintiff's Motion to Remand

Plaintiff moves for remand of this action to state court, notwithstanding the appearance and participation of Defendant Republic of Ukraine, which confers subject matter jurisdiction over this matter upon this Court. See 28 U.S.C. 1441(d); 28 U.S.C. § 1603(a). Plaintiff contends, in a single sentence and without citation to authority, that "the issue of sovereign immunity is the only issue for which Ukraine is entitled to a Federal forum and that request can be accommodated as a jurisdictional ruling prior to remand." (Opp. at 2.) This Court declines what appears to be Plaintiffs' invitation to split claims to accommodate Defendant Republic of Ukraine's "request." Furthermore, Plaintiff does not dispute that she made no attempt to meet and confer with respect to this motion. (Opp. at 1). This failure alone would merit denial of Plaintiff's motion. C.D. Cal. L.R. 7-3, 7-4. Plaintiff's motion to remand is denied.

B. Lemire's Motion to Dismiss

Lemire argues first that Plaintiff's claims are barred by the doctrine of res judicata. (Lemire Motion at 9.) "[A] federal court sitting in diversity must apply the res judicata law of the state in which it sits." Constantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982). California law looks to federal

4

law to determine the effect of a prior federal judgment. Id; See also Louie v. BFS Retail and Commercial Operations, LLC, 178 Cal. App. 4th 1544, 1553-54 ("[W]here a prior federal judgment was based on *federal question* jurisdiction, the preclusive effect of the prior judgment of a federal court is determined by federal law. Where a prior federal judgment was based on *diversity* jurisdiction, the preclusive effect is subject to federal common law – meaning the law of the state in which the federal court sits – if the state law is compatible with federal interests.") (internal citations omitted, emphases original); Butcher v. Truck Ins. Exchange, 77 Cal.App.4th 1442, 1452 (2000) ("California follows the rule that the preclusive effect of a prior judgment of a federal court is determined by federal law, at least where the prior judgment was on the basis of federal question jurisdiction."). Here, the New York Complaint was litigated in federal court after having been removed on the basis of federal question jurisdiction. This court will, therefore, apply federal law preclusion principles.

Res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." Owens v. Kaiser Foundation Health Plan, Inc. 244 F.3d 708, 713 (9th Cir. 2001); W. Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). The doctrine applies when there is "1) [an] identity of claims, 2) a final judgment on the merits, and 3) identity or privity between the parties." W. Radio Servs. Co., 123 F.3d at 1192. There is no dispute that the New York Complaint and this case involve the same parties. Although Plaintiff contends that the New York court's decision was not "on the merits," but rather "procedural," insofar as it was premised on statute of

limitations concerns, that arguments is not persuasive. "The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim . . . : as a judgment on the merits." Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 28 (1995).[2]

The question remains, however, whether there is an identity of claims between the two cases. Courts in the Ninth Circuit rely on four factors to determine if there is an identity of claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir. 1980); Constantini, 681 F.2d at 1201-02. The central issue in determining whether there is an identity of claims is whether the two suits "arise out of the same transactional nucleus of facts." Costantini, 681 F.2d at 1202; see also Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000). Satisfaction of the fourth Constantini factor is often sufficient to find an identity of claims for res judicata purposes, even without analysis of the other factors. Quinto v. JPMorgan Chase Bank, No. 11-CV-02920, 2011 WL 6002599, at *8 (N.D. Cal. Nov. 30, 2011); see Int'l Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr, 994 F.2d 1426, 1430 (9th Cir. 1993). When analyzing the nucleus of

---

[2] The New York court also observed that "each of Baiul's claims also suffers from additional fatal defects, but there is simply no reason to spend the resources to review them all in light of this glaring and dispositive [statute of limitations] issue." (RJN Ex. 7 at 12.)

6

facts factor, courts ask "whether [the two actions] are related to the same set of facts and whether they could conveniently be tried together." W. Systems, Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992).

The facts of the New York case and the instant matter overlap almost entirely. (Domb Decl., Ex. 3.) Plaintiff, focusing largely on California rather than federal law, nevertheless contends that there is no identity of claims because the two suits allege different causes of action. (Opp. at 18-19.) That argument is not persuasive. "The fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could, have been litigated." Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077-78 (9th Cir. 2003). Plaintiff also argues that the claims do not arise out of the same nucleus of facts because the same evidence, and one fax in particular, was not at issue in the prior case but is crucial here. (Opp. at 19.) Plaintiff's argument not only conflates separate factors in the identity of claims analysis, but fails to acknowledge that the fax at issue was discussed in the prior case.[3] (RJN, Ex. 15.)

Because this suit and the New York case arise out of the same nucleus of transactional facts, there is an identity of claims

---

[3] Plaintiff's argument concerning rights and interests similarly conflates separate identity of claims factors and, in any event, restates Plaintiff's argument about distinctly labeled "claims." (Opp at. 19-20.)

7

between the two cases.  All three res judicata factors, therefore, are met.[4]  Accordingly, Plaintiff's claims are dismissed.[5]

    C.    Defendant Republic of Ukraine's Motion to Dismiss

Defendant Republic of Ukraine ("Ukraine") moves separately to dismiss Plaintiff's FAC.  Ukraine's motion must be granted, for the reasons stated above.  See note 4, <u>supra</u>.  Furthermore, it does not appear that Ukraine has been properly served.  Plaintiff does not dispute that she made no attempt to comply with 28 U.S.C. § 1608(a)(1) or (b)(1).[6]  <u>See</u> <u>Peterson v. Islamic Republic Of Iran</u>, 627 F.3d 1117, 1129 n.4 (9th Cir. 2010) ("The four forms of service [under Section 1608] are listed in descending order of preference."); <u>Angellino v. Royal Family Al-Saud</u>, 688 F.3d 771, 773 (D.C. Cir. 2012); <u>Magness v. Russian Fed'n</u>, 247 F.3d 609, 613 (5th Cir. 2001).

---

[4] Even if the particular claims here were not precluded, the issue of when Plaintiff had notice of the alleged wrongdoing would be.  "Issue preclusion . . . bars successive litigation of an issue of fact or law actually litigated . . ., even if the issue recurs in the context of a different claim." <u>White v. City of Pasadena</u>, 671 F.3d 918, 926 (9th Cir. 2012) (internal quotation and citation omitted).  Issue preclusion applies where "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." <u>Oyeniran v. Holder</u>, 672 F.3d 800, 806 (9th Cir. 2012).

[5] The court need not address Lemire's remaining arguments.

[6] Even if Plaintiff had attempted service under the Section 208 hierarchy, Plaintiff did not, contrary to her argument, "substantially" comply with Section 208((b)(3), as she does not dispute that she did not provide a translated version of her complaint.  <u>See</u> <u>Straub v. A P Green, Inc.</u>, 38 F.3d 448, 453 (9th Cir. 1994) ("Failure to deliver a complaint in the correct language is such a fundamental defect that it fails both a 'strict compliance' test and a 'substantial compliance' test.")

Accordingly, Plaintiff's claims against Ukraine are dismissed.[7]

**IV. Conclusion**

For the reasons stated above, Plaintiff's motion to remand is DENIED. Defendants' Motions to Dismiss are GRANTED. Plaintiff's FAC is DISMISSED, with prejudice.

IT IS SO ORDERED.

Dated: June 18, 2018

United States District Judge

---

[7] The court need not address Ukraine's remaining arguments.